IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| PRISTINE POOLS, LLC, JONATHAN MEHALIC, <br><br> Plaintiffs, <br><br> vs. <br><br> HARTFORD FIRE INSURANCE COMPANY,  HARTFORD CASUALTY INSURANCE COMPANY, <br><br> Defendants, | 2:24-CV-01230-MJH |

OPINION

Plaintiffs, Pristine Pools, LLC and Jonathan Mehalic, bring the within action against Defendants, Hartford Fire Insurance Company and Hartford Casualty Insurance Company, for Breach of Contract under an insurance policy for an alleged refusal to defend Plaintiffs in an underlying property damage action. Hartford removed this case from the Court of Common Pleas of Allegheny County (ECF No. 1).  Plaintiffs now move for remand (ECF No. 9), and said motion is now ripe for decision.

Following consideration of Plaintiffs' Complaint (ECF No. 1-2), Hartford's Notice of Removal (ECF No. 1), Plaintiffs' Motion for Remand (ECF No. 9), the respective briefs and responses (ECF Nos. 10, 12, 13, and 16), and for the following reasons, Plaintiffs' Motion for Remand will be granted.

I.   Background

Plaintiffs filed this action in Pennsylvania state court alleging Hartford's breach of an insurance contract by refusing to defend Plaintiffs in an underlying civil lawsuit for property damage claims. (ECF No. 1-2).   The *ad damnum* clause of the Plaintiffs' Complaint against

Hartford seeks judgment "not to exceed $75,000." *Id*.  Hartford removed this action asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332, and asserted that the "Plaintiffs and Defendants are citizens of different states and the amount in controversy is in excess of $75,000.00."  (ECF No. 1 at ¶ 10).

Plaintiffs now move for remand because the jurisdictional threshold amount-in-controversy does not exceed $75,000.  Plaintiffs also move for an award of fees and costs pursuant to 28 U.S.C. § 1447(c) for improper removal.

II.     Relevant Standard

Section 1441 of Title 28, United States Code, controls the removal of a case to federal court. Generally, a defendant may remove a case if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a).  However, "removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (quoting *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)). A plaintiff may challenge removal and move to remand the case for lack of subject matter jurisdiction at any point before a final judgement is entered. 28 U.S.C. § 1447(c). It is the defendant's burden to demonstrate that removal was proper. *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 219 (3d Cir. 2005).  If the district court indeed lacks jurisdiction, the case is remanded to the state court from which it was removed. 28 U.S.C. § 1447(c).

III.    Discussion

    A.  Remand

Plaintiffs maintain that Hartford cannot meet its burden of demonstrating that the amount-in-controversy requirement for diversity jurisdiction is satisfied.  Plaintiffs assert that

their Complaint expressly alleged that the sole item of damages, for which they seek recovery, was the cost of defending the underlying property damage case against them, and they explicitly aver that the cost of defense was not expected to exceed $75,000.

Hartford contends that Pennsylvania state court *ad damnum* clauses are not binding or determinative on the amount-in-controversy in federal court. Further, Hartford argues that under Pennsylvania law, the duty to defend and duty to indemnify are related and intertwined and as such they cannot be bifurcated for the purposes of the amount-in-controversy. Therefore, Hartford asserts that, because Plaintiffs are being sued in the underlying action for an amount well in excess of $75,000 for allegedly constructing a defective pool, the amount owed for indemnification would exceed the jurisdictional amount for diversity jurisdiction. Plaintiffs respond that their Complaint makes no claim for indemnification, and that it is a non-issue in this case.

The plaintiff, as master of the complaint, may make a genuine choice to limit the relief sought. A more apt analogy would be a plaintiff, who decides to limit his or her damages claim to an amount below the amount-in-controversy threshold in order to avoid removal based on diversity jurisdiction, which is a long-accepted practice. *DiAnoia's Eatery, LLC v. Motorists Mut. Ins. Co.*, 10 F.4th 192, 204 (3d Cir. 2021) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294, 58 S.Ct. 586, 82 L.Ed. 845 (1938) ("If [the plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove.").

Here, Plaintiffs have unequivocally pleaded that their claim for breach of contract lies solely in allegations regarding a failure to defend. While indemnification might be a component

in these circumstances, said issue is not part of Plaintiffs' breach of contract claim. Further, Plaintiffs Complaint plainly asserts that the damages for breach of contract for an alleged failure to defend do not exceed $75,000. Plaintiffs are the masters of their Complaint, and Hartford cannot manufacture a jurisdictional amount in excess of the jurisdictional limit required to support diversity jurisdiction. Therefore, the Court cannot confer subject matter jurisdiction in this case, where it is plainly evident that Plaintiffs' have consciously chosen to claim damages below the jurisdictional amount of $75,000.

Accordingly, Plaintiffs' Motion for Remand will be granted.

B. Fee Request

"[C]ourts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005). District courts exercise discretion in light of the objectives of § 1447(c)—to discourage the use of removals as a means of prolonging litigation and imposing costs on the plaintiff while generally allowing litigants the right of removal. *Id*. at 140-41, 126 S.Ct. 704.

Upon careful consideration of the relevant filings, Hartford had an objective reasonable basis to seek removal. Accordingly, no award of fees or costs is warranted.

A separate order will follow.

DATED this 25th day of October, 2024.

BY THE COURT:

_____
MARILYN J. HORAN
United States District Judge